# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                    **Case No.: 03-00142-01-CR-W-NKL**

**JOHN A. SCHAFER**

**USM Number: 15968-045**

**(Page 2 Amended)**

Stephen C. Moss, FPD

_____

## AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1, 2, and 3 on 2/4/04 of the Superseding Indictment. Count 4 is a Criminal Forfeiture Count. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 2252(a)(1) | Interstate Transportation of Child Pornography | 3/28/03 | 1 |
| 18 U.S.C. 2252(a)(2) | Receiving Child Pornography that had been Transported in Interstate Commerce | 3/28/03 | 2 |
| 18 U.S.C. 2252(a)(4) | Possession of Child Pornography that had been Transported in Interstate Commerce | 3/28/03 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Forfeiture: The defendant waived any interest in the forfeiture of property.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: August 19, 2004
Date Amended: January 19, 2006

s/ NANETTE LAUGHREY
NANETTE LAUGHREY
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 137 months on Counts 1 and 2, and 60 months on Count 3, to be served concurrently.  This sentence is consecutive to the sentenced imposed in Jackson County Circuit Court case number CR2003-03403.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By:_____
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term 3 years on each of Counts 1, 2, and 3, the terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

JOHN A. SCHAFER
03-00142-01-CR-W-NKL

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the
        defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such
        notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

Successfully participate in any substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office and pay any associated costs as directed by the Probation Office.

Successfully participate in any mental health counseling program, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time, and shall not be present in any establishment where alcoholic beverages are the primary items for sale.

The defendant will not associate or have any contact (including incidental contact such as being present in locations where minors frequent) with persons/females/males under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense.

The defendant will neither possess nor have under his control any matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of 18. This includes, but is not limited to, any matter obtained through access to any computers or any material linked to computer access or usage.

The defendant shall participate in a psychosexual evaluation. The defendant shall successfully participate in any reasonable sex offender counseling program as directed by the Probation Office.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries a vocation, or is a student; as directed by the probation officer. The defendant shall adhere to the registration and notification procedures of the state in which the defendant resides.

The defendant will not have contact with the victim/s in this case. This includes any physical, visual, written or telephone contact with such person/s.

The defendant shall not possess or use any computer; except that the defendant may, with the prior approval of the United States Probation Officer, use a computer in connection with authorized employment.

The defendant shall not possess or use any computer with access to any 'on-line computer service' at any location (including employment) without the prior approval of the United States Probation Officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall consent to the United States Probation Office conducting periodic unannounced examinations of his computer(s) hardware and software which may include retrieval and copying of all data from his computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.

The defendant shall consent, at the direction of the United States Probation Officer, to having installed on his computer(s), at his expense, any hardware of software systems to monitor his computer use.

The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him.

The defendant shall provide personal/business telephone records to the United States Probation Officer upon request.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them.  I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____          _____
Defendant                                                              Date

_____          _____
United States Probation Officer                              Date

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| **$300.00** | **$** | **$** |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 12/03) Judgment in a Criminal Case